# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

IESHUH GRIFFIN,

        Plaintiff,

v.

CITY OF MILWAUKEE, WISCONSIN
ELECTION COMMISSION,
MILWAUKEE ELECTION
COMMISSION, STATE OF
WISCONSIN, TONY EVERS,
CAVALIER JOHNSON, CLAIRE
WOODALL VOGG, MEGAN
WOLFE, KATHRYN Z. BLOCK, PHIL
M. CHAVEZ, JONATHAN
BROSTOFF, KENNETH PETERS,
PATRICK BULMN, TERRELL
MARTIN, PATRICIA RUIZ CRUZ,
DOUGLAS HAAG, and JANE AND
JOHN DOES,

        Defendants.

Case No. 23-CV-328-JPS

**ORDER**

## 1.  INTRODUCTION

On March 10, 2023, Plaintiff Ieshuh Griffin ("Plaintiff") filed this pro se action against the City of Milwaukee, its mayor, the State of Wisconsin, its Governor, its Election Commission, various Wisconsin municipal judges, various state representatives, and others, making broad allegations of election fraud and voter disenfranchisement. ECF No. 1. Specifically, Plaintiff takes issue with decisions made regarding her candidacy for public office.

On April 6, 2023, a group of Defendants moved to dismiss the complaint on various grounds including failure to comply with Federal Rule of Civil Procedure 8 and insufficient service of process. ECF No. 6. For the reasons described herein, the Court will grant the motion.

## 2.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Cherry v. Husz*, No. 14-CV-1539-JPS, 2015 U.S. Dist. LEXIS 97504, at *6 (E.D. Wis. July 27, 2015) (internal citations omitted). A plausible claim is one with "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "[C]ourts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

On a motion to dismiss, the district court accepts as true the plaintiff's factual allegations. *Harris v. Honey*, No. 90-3037, 1991 U.S. App. LEXIS 27193, at *5 (7th Cir. 1991) (internal citation omitted). "[A]ll such facts, as well as the reasonable inferences that follow, are viewed in the light most favorable to the plaintiff." *Teague v. United States Postal Serv.*, No. 94-C-2152, 1997 U.S. Dist. LEXIS 20864, at *6 (N.D. Ill. Dec. 23, 1997) (internal citation omitted). At the motion to dismiss stage, the Court does not ask "did these things happen"; instead, "the proper question to ask is . . . '*could these things have happened.*'" *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (internal citations omitted). "[T]he court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case

can be rejected on evidentiary grounds." *Hartman v. Gilead Scis., Inc.*, 536 F.3d 1049, 1057 (9th Cir. 2008). That said, courts need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, unsupported by mere conclusory statements. *Cherry*, 2015 U.S. Dist. LEXIS 97504, at *7 (internal citation omitted).

The Court may dismiss a complaint or any portion thereof if it raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider such a lengthy pro se complaint[1] "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, No. 1:18-cv-01336-GSA-PC, 2019 U.S. Dist. LEXIS 202582, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). And shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at *26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal.") (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that

---

[1]Plaintiff's complaint is 52 pages long, not including over thirty pages worth of exhibits and attachments. ECF No. 1.

possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

3.      ISSUES WITH PLAINTIFF'S COMPLAINT

The issues with Plaintiff's complaint are many. They include the following:

- The complaint includes over twenty-five pages of relatively incoherent and disjointed recitation of law.

- The complaint is lacking in specific and basic factual allegations.[2]

---

[2]To the extent that there are factual allegations in the complaint, they are mostly general and broad, and it is not clear to which of the many Defendants they are intended to be attributed or when they are alleged to have occurred. *See* ECF No. 1 at 2 ("The Plainitff [sic] being a candidate for public office as well as a qualified voter [as well as the qualified electors whom nominated the candidate] are being denied the right to participate in a fair and nonfraudulent election, as such is being denied the right to utilize a public ballot to effectively vote . . . ."), ("Plainitff [sic] states that she has been refused earned, lawful ballot placement and has been subjected to repeated election fraud by way of voter manipulation, ballot denial and/or manipulated votes that were purposely taken away from the Plainitff [sic] . . . ."), at 6 ("[T]he defendants are demanding that the Plainitff [sic] . . . join a state created union and pay fees to be eligible to hold office as a public servant . . . ."), ("The defendants' [sic] are acting as a 'holding company' to monopolize the market of 'chosen' and 'preferred' public candidates.'"), at 7–8 ("The latest fraudulent scheme to deny Black women candidates from fairly and constitutionally running for public office is a fictitious requirement that the Plaintiff be a member of the state bar, and a 'licensed attorney,' *after* the Plaintiff

- The complaint lists as defendants over fifteen individuals and/or entities but generally fails to attribute specific wrongdoing to most of them individually or personally.[3] *See Carter v. Huibregtse,* No. 09-cv-437-bbc, 2009 U.S. Dist. LEXIS 97174, at \*5 (W.D. Wis. Oct. 20, 2009) ("[P]laintiff must connect each named defendant to specific incidents of wrongdoing alleged in the complaint.").

- The complaint refers to an inordinately extensive, and occasionally inapplicable, array of civil and criminal laws. It purports to rely on, *inter alia*, Title VI of the Civil Rights Act of 1964, 28 U.S.C. § 636(c)(4), the Sherman Act, the RICO Act, the Clayton Act, the Voting Rights Act, the Administrative Procedure Act, the Fourteenth Amendment's Due Process Clause, the Fourteenth Amendment's Equal Protection Clause, and various other state and federal civil and criminal provisions. *Fergusson v. Nissen Staffing Continuum, Inc.*, No. 17-cv-198-pp, 2018 U.S. Dist. LEXIS 50426, at \*14 (E.D. Wis. Mar. 27, 2018) ("Private citizens cannot sue people under criminal statutes.").

- Plaintiff's "Factual Allegations" section is comprised primarily of legal arguments, not factual allegations.

- The action appears to attempt to recover money damages from various state Defendants in violation of the Eleventh Amendment. *See* ECF No. 1 at 49. The Eleventh Amendment renders a State

_____

earned nomination placement onto the ballot . . . . It is essentially a 'Jim Crow 'N' word law, specifically 'enforced' for Black women candidates."), at 9 ("The respondents' [sic] have purposely failed to follow their own election laws . . . . "), at 11 ("The defendants have adopted and promoted unlawful 'cooking of the books', by way of a fraudulent 'request for ballot placement' scheme in which the defendants' [sic] despite candidates such as the Plainitff [sic] meeting all necessary legal requirements to have ballot placement . . . ."), at 13 ("The Plaintiff challenges the constitutionality to the entire legislative district map for the 2nd and 3rd Alderperson election. The maps are unconstitutionally vague and unduly burden voters with guessing where they are on the map."), and at 16 ("The defendants' [sic] by way of an [sic] racketeering scheme have on more than two occasions engaged in a pattern of racketeering, corruption, dishonest services and violations of clearly established federal law in a concerted effort to impeded [sic] on the will of the voters . . . .").

[3]In fact, at times the complaint establishes the opposite, apparently denying any involvement whatsoever by a named Defendant in the events alleged. *Id*. at 21 ("Contrary to popular belief, Milwaukee elections are not overseen by the State of Wisconsin . . . .").

immune from any suit brought by an individual in federal court unless the State has consented to suit in that forum. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993) ("[A] state cannot be sued in federal court for monetary damages or equitable relief.").

- The complaint is riddled with errors, making it all the more difficult to comprehend. *See* ECF No. 1 at 45 (accusing Governor Tony Evers of "ejection fraud"), at 10 (referring, apparently, to herself as "appellant"), and at 11 (" . . . despite candidates such as the Plainitff [sic] meting [sic] all necessary legal requirements"). Some of the statements in the complaint are barely comprehensible. *See id*. at 17 9 ("The defendants engaged in highly manipulative improper unfair, discriminate unconstitutional maps are in violation of the One Person One Vote Equal protection of the laws doctrine with the 2nd and 3rd district maps, in violation of the First Amendment of the United States Constitution's guarantee of equal protection and cannot be justified on legitimate grounds."). Unintelligibility is an appropriate basis upon which to reject a complaint. *Nygren*, 658 F.3d at 797–98; *see also Ford v. Rockford Bd. of Educ.*, No. 14-C-50318, 2015 U.S. Dist. LEXIS 196845, at *4 (N.D. Ill. Nov. 17, 2015) (noting that the "complaint is rife with syntax mistakes; spelling mistakes and typos; seemingly-random use of all-capital lettering and bold/underline fonts; prolific use (or, perhaps, more accurately misuse) of jargon, unsupported conclusions, and legal citations" and granting leave to amend).

"To understand [this] complaint, . . . the Court (and Defendants) must sort through pages of wordy, redundant, and irrelevant allegations to find the few nubs of actual alleged fact that give a picture of the case." *Mbandi v. Pangea Ventures LLC*, No. 1:22-cv-01274-JRS-TAB, 2022 U.S. Dist. LEXIS 234153, at *5 (S.D. Ind. Nov. 18, 2022). Neither the Court, nor Defendants, are required to do so.

## 4. PLAINTIFF'S PROLIFIC LITIGATION HISTORY

Plaintiff has an extensive litigation history, relating both to her election endeavors and other matters, and none of which she disclosed to

the Court. Much of her litigation history is obscured from prompt discovery by Plaintiff's use of multiple names—she apparently has filed cases under the names "Inez Griffin," "I.G.," "Ieshuh Griffin," "I. Griffin," and "Isis Ariel Magdalah," to name but a few. *See Griffin v. Schoiab*, No. 21-CV-722-PP, 2022 U.S. Dist. LEXIS 121490, at *1 (E.D. Wis. July 11, 2022). There are frankly too many cases to discuss in this Order.[4] But to provide a clearer picture, the Court will describe some of them here.

In 2011, Plaintiff filed—and then voluntarily dismissed—a petition for a writ of habeas corpus against the Milwaukee County Election Commission, notwithstanding that Plaintiff was not actually in custody nor seeking release from custody. *See* Case No. 11-CV-44-LA, ECF No. 1. In that "petition," she again alleged that she was discriminated against in her attempt to run in a Milwaukee County election. *Id*. at 3–4.

In 2013, this Court addressed a case that Plaintiff filed in what the Court described as "bad faith." *Griffin v. Pasch*, No. 12-CV-818-JPS, 2013 U.S. Dist. LEXIS 4084, at *7 (E.D. Wis. Jan. 10, 2013). The Court described Plaintiff's complaint, brought against various defendants including the

---

[4]*Griffin v. State of Wisconsin et al.*, 08-CV-822-LA (E.D. Wis. Oct. 1, 2008); *Griffin v. Wis. State Gov't Accountability Bd. et al.*, 10-MC-16-JPS (E.D. Wis. Mar. 24, 2010); *Griffin et al. v. Zientek et al.;* 15-CV-1462-RTR (E.D. Wis. Dec. 8, 2015); *Griffin v. West Allis Police Dep't et al.*, 21-CV-693-PP (E.D. Wis. Sept. 23, 2021); *Griffin et al. v. City of Milwaukee et al.,* 10-CV-243-RTR (E.D. Wis. Mar. 23, 2010); *Griffin v. Gov't Accountability Bd. et al.*, 10-CV-617-RTR (E.D. Wis. July 22, 2010); *Griffin v. Milwaukee Cnty. Election Comm'n et al.,* 11-CV-44-LA (E.D. Wis. Jan. 18, 2011); *Griffin v. Pasch et al.,* 12-CV-818-JPS (E.D. Wis. Aug. 10, 2012); *Griffin v. Clarke et al.,* 05-CV-978-JPS (E.D. Wis. Sept. 12, 2005); *Griffin v. Clarke et al.,* 06-CV-1068-RTR (E.D. Wis. Oct. 12, 2006); *Griffin et al. v. State of Wisconsin et al.,* 06-CV-203-RTR (E.D. Wis. Feb. 15, 2007); *Griffin v. Milwaukee Election Comm'n et al.,* 22-CV-140 (W.D. Wis. Mar. 15, 2022); *Griffin v. United States of America,* 17-CV-64-MCW (Fed. Cl. Jan. 12, 2017); *I.G. et al. v. Milwaukee Pub. Schs. et al.,* 23-CV-200-JPS (E.D. Wis. Feb. 13, 2023); *Griffin v. Schoiab*, 21-CV-722-PP (E.D. Wis. June 14, 2021).

Chairwoman of the City of Milwaukee Board of Election Commissioners, as "nonsensical." *Id*. at *2. The Court further noted that Plaintiff failed to comply with both Rules 4 and 8, that she made only "generalized allegations of 'voter intimidation,' 'election fraud,' and 'campaign dirty tricks,'" and that she continued to sue the same or similar defendants "without any reasonable basis in the law." *Id*. at *5–6. The Court wrote that Plaintiff had "previously filed two other suits in this district," both of which alleged "election rights violations and were based upon complaints that were similarly confusing." *Id.* at *6. The Court concluded that Plaintiff had brought the suit in bad faith, and it accordingly "award[ed] attorneys' fees against her." *Id*. at *6–7.

In 2015, Plaintiff filed a complaint in the Eastern District of Wisconsin alleging a pattern of civil rights violations against African-Americans. *Griffin v. Zientek*, No. 15-CV-1462, 2015 U.S. Dist. LEXIS 168892 (E.D. Wis. Dec. 16, 2015). In addressing that complaint, District Court Judge Rudolph T. Randa wrote that Plaintiff had failed to state a claim upon which relief could be granted and made allegations "not directed at any particular defendant" but rather spoken of generally. *Id*. at *6.

In 2022, Plaintiff filed another petition for a writ of habeas corpus that was, again, dismissed with prejudice for failure to state a claim, among other various deficiencies. *See Griffin*, 2022 U.S. Dist. LEXIS 121490, at *14.

Also in 2022, Plaintiff filed what the Court can only assume are similar, if not identical, cases before the Milwaukee County Circuit Court[5]

---

[5]*See Ieshuh Griffin v. City of Milwaukee Elections Comm'n,* No. 2022CV004814 (Milwaukee Cnty. Cir. Ct. 2022), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CV004814&countyNo=40 &index=0 (last visited Apr. 10, 2023).

and the Western District of Wisconsin.[6] At the time of the Court's writing, the state-level case is on appeal[7] before the Wisconsin Court of Appeals.[8] And on March 18, 2022, the Western District of Wisconsin screened Plaintiff's complaint notwithstanding her payment of the filing fee and dismissed it outright for failure to state a claim upon which relief could be granted. *Griffin*, 2022 U.S. Dist. LEXIS 48549, at *4. Chief District Court Judge James D. Peterson therein noted that the case was brought under "a thicket of theories," none of which were plausible. *Id.* at *2. The court described Plaintiff's allegations as being "simply beyond mathematical possibility." *Id*. None of this, nor the court's admonition that Plaintiff had actually filed the case in the wrong district, deterred Plaintiff from subsequently moving for, inexplicably, entry of default; moving for relief

---

[6]*See Griffin v. Milwaukee Election Comm'n et al*, No. 22-CV-140-JDP, 2022 U.S. Dist. LEXIS 48549 (W.D. Wis. Mar. 18, 2022).

[7]*See Ieshuh Griffin v. City of Milwaukee Elections Commission*, No. 2023AP000019 (Wis. Ct. App. 2023), *available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2023AP000019&cacheId=A944 0FCCEAF297A6CBC780F791E4FB44&recordCount=1&offset=0 (last visited Apr. 10, 2023).

[8]Even if Plaintiff's case were not subject to outright dismissal, it would likely be subject to *Colorado River* abstention. *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Colorado River* abstention "permits federal courts to defer to a 'concurrent state proceeding' as a matter of 'wise judicial administration.'" *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (citing *Colo. River*, 424 U.S. at 818). In analyzing the doctrine's applicability, district courts make a two-part inquiry. "First, the court must determine whether the concurrent and federal actions are actually parallel." *Id*. at 498 (internal citation omitted). "If so, the court must consider second whether 'exceptional circumstances' justify abstention." *Id*. "Two suits are parallel for *Colorado River* purposes when 'substantially the same parties are contemporaneously litigating substantially the same issues.'" *Id*. at 498–99 (internal citation omitted).

from the judgment; or from seeking Judge Peterson's recusal. *See generally Griffin v. Milwaukee Election Comm'n*, No., 22-CV-140-JDP, 2022 U.S. Dist. LEXIS 103421 (W.D. Wis. June 8, 2022); *Griffin v. Milwaukee Election Comm'n*, No. 22-CV-140-JDP, 2022 U.S. Dist. LEXIS 153644 (W.D. Wis. Aug. 25, 2022).

Notwithstanding her persistent failure to maintain these and related claims in federal court, Plaintiff has apparently not been deterred. But "[e]lection law, as it pertains to state and local elections, is for the most part a preserve that lies within the exclusive competence of the state courts." *Bonas v. Town of N. Smithfield*, 265 F.3d 69, 74 (1st Cir. 2001). With few narrow exceptions, "federal courts are not authorized to meddle in local elections." *Id.*

And as Judge Peterson concluded in 2022, some of Plaintiff's claims can be dismissed off the bat as baseless. For example, Plaintiff argues that she was erroneously removed from the ballot for municipal judgeship in the City of Milwaukee due to the imposition of the "fictitious" requirement that she be an attorney licensed to practice in Wisconsin. ECF No. 1 at 7. But that requirement is not fictitious, and Plaintiff concedes as much by attaching to her complaint reference to that requirement as imposed by the City of Milwaukee Charter, § 3-34. *See* ECF No. 1-2 at 6. The City of Milwaukee Charter explicitly states that to be eligible to serve as a municipal judge, the candidate "shall be an attorney licensed to practice law in Wisconsin." City of Milwaukee Charter, § 3-34.

Plaintiff seems to argue that imposition of that requirement is itself erroneous. She points to Wisconsin caselaw which provides that "a judge of municipal court need not be a lawyer . . . ." *Milwaukee v. Wroten*, 466 N.W.2d 861, 864 (Wis. 1991). Indeed, Wisconsin law does not mandate that municipal judges be lawyers. *See* Wis. Stat. § 755.01(1) ("Any municipal

court established under this section is not a court of record."); Wisconsin Constitution Article VII, § 24 ("To be eligible for the office of supreme court justice or judge of any *court of record,* a person must be an attorney licensed to practice law in this state and have been so licensed for 5 years immediately prior to election or appointment.") (emphasis added).

But Wisconsin law does authorize municipalities to impose that requirement themselves. The City of Milwaukee has done so, as have many other Wisconsin counties. Plaintiff's claim that "no such requirement has been made for State of Wisconsin municipal judge candidates in the history of Wisconsin elections" is incorrect. ECF No. 1 at 7–8; *see also Wisconsin Municipal Courts*, BALLOTPEDIA[9] ("The municipality establishing a municipal court may, by ordinance, establish additional minimum requirements; the most common being that the municipal judge be a licensed Wisconsin attorney."). In fact, a sample ordinance form issued by the Wisconsin Supreme Court's Director of State Courts in a guide entitled "Starting a Municipal Court" expressly includes language conditioning eligibility on a candidate's licensure to practice law in Wisconsin. *See Starting a Municipal Court,* WISCONSIN SUPREME COURT DIRECTOR OF STATE COURTS at 15 (Oct. 2017).[10]

The City of Milwaukee is entitled to limit eligibility for its municipal judges to those who are licensed to practice law in the State of Wisconsin.[11]

---

[9]*Available at* https://ballotpedia.org/Wisconsin_Municipal_Courts#cite_note-6 (last visited Apr. 10, 2023).

[10]*Available at* https://www.wicourts.gov/courts/municipal/docs/startcourt.pdf (last visited Apr. 10, 2023).

[11]Plaintiff claims that the "respondents [sic] were without statutory authority to enlarge the State of Wisconsin's ballot placement qualifications." ECF No. 1 at 9. As discussed above, that conclusion is incorrect, but even if it were true

Plaintiff does not meet that criterion, and so she is not eligible for ballot placement in the City of Milwaukee's municipal judicial election. Her protestations to the contrary are in error.

## 5.     CONCLUSION

Plaintiff's complaint is in no state to proceed in federal court, and this Court has neither the time nor the inclination to "try to fish a gold coin from a bucket of mud." *Lockheed-Martin Corp.*, 328 F.3d at 378. A complaint should not include legal arguments and citations to case law—and certainly not in such number as presented in Plaintiff's complaint. "Making legal arguments in support of one's claim comes after the pleadings." *ACF 2006 Corp. v. Ladendorf*, 826 F.3d 976, 981 (7th Cir. 2016).

Critically, while Plaintiff's complaint makes myriad broad, sweeping, generalized, and conclusory allegations, it is lacking in specific factual allegations as to what allegedly occurred, to whom it occurred, by whom it occurred, and when it occurred. Plaintiff cannot merely assert that a Defendant committed "fraud, deceit and trickery" and "racketeering activities" with "criminal purposes," or that a Defendant "cooked the books" and "committed an act of war against the United States Constitution." *See* ECF No. 1 at 41–42. At present, the complaint contains

---

that the City of Milwaukee implemented this eligibility requirement in violation of state law, that would still be insufficient to state a federal claim under 42 U.S.C. § 1983. A mistaken application of state law or local ordinance, or mistaken reliance thereon, does not constitute a substantive due process violation as a matter of law. *See Coniston Corp. v. Vill. of Hoffman Ests.*, 844 F.2d 461, 467–68 (7th Cir. 1988); *Albiero v. City of Kankakee*, 233 F.3d 417, 420 (7th Cir. 1997) ("Whether the City has followed state law is neither here nor there; the due process clause is not a means to enforce state law.").

little more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. This is insufficient.

And in any event, Plaintiff's action was adjudicated on the merits in the Western District of Wisconsin. Judge Peterson informed Plaintiff in no uncertain terms that the municipal election-related claims she attempted to raise were unsupported by any "plausible theory" and that she had failed "to state a claim upon which relief may be granted." *Griffin*, 2022 U.S. Dist. LEXIS 48549, at *4. That adjudication bars Plaintiff from attempting to relitigate those claims in any other federal court, including this one. *Lee v. Village of River Forest*, 936 F.2d 976, 981 (7th Cir. 1991) ("A Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted is a decision on the merits with full res judicata effect.") (internal citations omitted).

Federal court is not intended to be a forum for litigants to air every grievance of which they can conceive. Plaintiff cannot repeatedly drag the same or similar parties into a new judicial forum each time she receives an unfavorable ruling. She cannot ignore and disregard clear judicial orders and admonitions that the claims she attempts to raise have no clear basis in law or fact. By refiling this case in this District, and by repeatedly disregarding the clear orders of both this and other courts, Plaintiff has continued to misuse the judicial system, harass defendants, and squander precious taxpayer dollars. Enough is enough. The Court will not allow Plaintiff to continue to engage in frivolous litigation, in bad faith, in this District.

The right of access to the federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re*

*McDonald*, 489 U.S. 180, 184 (1989). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to all manner of baseless disputes by the same litigant. The Court is accordingly entitled to implement filing bars that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009).

In light of the foregoing, the Court will dismiss with prejudice Plaintiff's case and bar her from filing any new case in this District for a period of five (5) years from the entry of this Order. The Court feels that such a stringent sanction is necessary considering Plaintiff's decade-long pattern of filing frivolous lawsuits in bad faith, the fact that Plaintiff is not deterred by the repeated individual dismissal of her lawsuits, and Plaintiff's wholesale disregard for the rules of procedure of which she has been made repeatedly aware. This filing bar does not bar the courthouse door absolutely as it is not of indefinite duration. *See Chapman,* 342 F. App'x at 502 ("[C]ourts have rejected as overbroad filing bars in perpetuity.").

The Court will also order that Plaintiff pay the reasonable attorneys' fees incurred by those Defendants who have appeared and challenged this action. For that purpose, the Court will order that those Defendants file on the docket a recitation of their time expended and fees incurred in responding to this case.

Accordingly,

**IT IS ORDERED** that Defendant City of Milwaukee, Milwaukee Election Commission, Cavalier Johnson, Claire Woodall-Vogg, Kathryn Z. Block, Phil M. Chavez, and Jonathan Brostoff's motion to dismiss, ECF No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff be and the same is hereby **BARRED** from filing any action in this District for a period of five (5) years from the entry of this Order, regardless of whether she appears under the name Inez Griffin, I.G., Ieshuh Griffin, I. Griffin, Isis Ariel Magdalah, or any other alias. In the event that Plaintiff attempts to file any new case in this District during this period, the Clerk of Court is instructed to return unfiled any such papers;

**IT IS FURTHER ORDERED** that those Defendants who have appeared and challenged this action shall file on the docket a recitation of their time expended and fees incurred in responding to this case; and

**IT IS FURTHER ORDERED** that Plaintiff shall pay to those Defendants who have appeared and challenged this action the reasonable attorneys' fees incurred in responding to this case, as represented by those Defendants in the above-ordered filing.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge